**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 64469852
Date: Nov 27 2019 11:12AM
LeNora Ponzo, Chief Clerk
Civil Division

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior** or ☒ **State Court of** Fulton _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Turner, Zella

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Ninebot Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Segway, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Social Bicycles, LLC, d/b/a Jump Bikes | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| Uber Technologies, Inc. | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** M. Alan Holcomb _____ **Bar Number** 879771 _____ **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☒ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                        **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 64469852
Date: Nov 27 2019 11:12AM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ZELLA TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **vs.** | ) | |
| | ) | _____ |
| **NINEBOT INC., SEGWAY INC.,** | ) | |
| **SOCIAL BICYCLES, LLC d/b/a** | ) | |
| **JUMP BIKES,** | ) | **JURY TRIAL DEMANDED** |
| **UBER TECHNOLOGIES, INC.,** | ) | |
| **JOHN DOES 1 through 5, and JOHN** | ) | |
| **DOE CORPORATIONS 1 through 5,** | ) | |
| | ) | |
| **Defendants.** | | |

## COMPLAINT FOR DAMAGES

Plaintiff **ZELLA TURNER** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint for Damages against Defendants **NINEBOT INC., SEGWAY INC., SOCIAL BICYCLES, LLC d/b/a JUMP BIKES**, **UBER TECHNOLOGIES, INC.**, **JOHN DOES 1 through 5**, **and JOHN DOE CORPORATIONS 1 through 5**, alleging as follows:

## PARTIES

1.    Plaintiff **ZELLA TURNER** ("Plaintiff" or "Ms. Turner") is a resident of, a citizen of, and domiciled in Georgia. By filing this Complaint, Ms. Turner is availing herself of the jurisdiction and venue of this Court.

2.    Defendant **NINEBOT INC.** ("Ninebot") is a for-profit Delaware corporation, with its headquarters located in Beijing, China, and its principal place of business in the United States located in New Hampshire. Ninebot's registered agent for service of process is Business Filings Incorporated (USE 9325335), 108 West 13th Street, Wilmington, Delaware.  Defendant Ninebot is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 because it regularly solicits business in Georgia and sells its products directly to Georgia consumers; Ninebot sells its products

to distributors in Georgia with the expectation and knowledge that they will be purchased by Georgia consumers; Ninebot committed a tortuous act which caused damages in Georgia; and Ninebot derives substantial revenue from products used in Georgia. Venue is proper in this Court as to this Defendant.

3.     Defendant **SEGWAY, INC.** ("Segway") is a for-profit Delaware corporation doing business in Georgia with its principal place of business in New Hampshire. The registered agent for service of process on Segway is CT Corporation System, located at 2 1/2 Beacon Street, Concord, New Hampshire 03301-4447.  Defendant Segway is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91 because it regularly solicits business in Georgia and sells its products directly to Georgia consumers; Segway sells its products to distributors in Georgia with the expectation and knowledge that they will be purchased by Georgia consumers; Segway committed a tortuous act which caused damages in Georgia; and Segway derives substantial revenue from products used in Georgia. Venue is proper in this Court as to this Defendant.

4.     Defendant **SOCIAL BICYCLES, LLC d/b/a JUMP BIKES** ("Social Bicycles") is a for-profit New York limited liability company doing business in Georgia with its principal place of business in New York.  Social Bicycles' registered agent for service of process is CT Corporation System, located at 289 South Culver Street, Lawrenceville, Georgia 30046, Gwinnett County. Defendant Social Bicycles is subject to the jurisdiction and venue of this Court.

5.     Defendant **UBER TECHNOLOGIES, INC.** ("Uber Technologies") is a for-profit Georgia corporation with its principal place of business located in Georgia.  Uber Technologies' registered agent for service of process is Gregory Scott Smith, 7550 Hunters Woods Drive, Dunwoody, Georgia 30350, Fulton County. Defendant Uber Technologies is subject to the jurisdiction and venue of this Court.

6.     Defendants **JOHN DOES 1 through 5 and JOHN DOE CORPORATIONS 1 through 5 (collectively, "John Doe Defendants")** are believed to be individuals, for-profit Georgia or foreign corporations, partnerships, associations, other legal entities, and/or persons that have transacted business in Georgia and are responsible for the injuries and damages incurred by Ms. Turner. Once the identity and the whereabouts of the John Doe Defendants are established, said Defendants will be served with a copy of Summons and Complaint as provided by law. The John Doe Defendants are subject to the jurisdiction and venue of this Court.

## **BACKGROUND FACTS**

7.     On or about January 19, 2019, Plaintiff sustained severe, life-threatening, and permanent injuries as the result of her use of a Ninebot/Segway electric scooter in Atlanta, Georgia.

8.     These injuries were the result of the unlawful acts and omissions of Ninebot and Segway for their negligent design, manufacture, marketing, and distribution of fleets of defective electric scooters, and all Defendants' failure to adequately maintain, inspect, and/or repair said scooters. All Defendants failed to adequately warn about the dangers of the use of Ninebot/Segway scooters.

9.     These "pay as you go" electric scooters were designed, manufactured, and sold by Ninebot and Segway and deployed by Uber and Social Bicycles onto the public streets, sidewalks and other public places within the city of Atlanta and other cities in Georgia.  Uber and Social Bicycles and their related entities do this by deploying dockless scooters throughout a city that may be rented at any time while a scooter is deployed.

10.    The scooters Uber and/or Social Bicycles uses are designed, manufactured, and produced by Ninebot and/or Segway.

11.     Defendants Uber and Social Bicycles owned the electric scooter and leased it to Plaintiff.  Employees of Defendants Uber and Social Bicycles were responsible for marketing, maintaining, testing, inspecting, and repairing the electric scooter, as well as adequately warning about dangers associated with its use. Employees of these Defendants selected the electric scooter for public use, and negligently trained and supervised Plaintiff in its use.

12.     Uber and Social Bicycles are one of the largest users of Ninebot and Segway products in the world.

13.     Since Uber's and Social Bicycles' deployment of electronic scooters, there have been numerous reports of injuries suffered as a result of equipment failures. *See, e.g.*, Peter Holley, *Lime scooter riders are being injured by 'sudden excessive braking,' company says*, WASHINGTON POST (Feb. 25, 2019), https://www.washingtonpost.com/technology/2019/02/25/lime-scooter- riders-are-being-injured-by-sudden-excessive-braking-company-admits/; Arman Azad, *That electric scooter might be fun. It also might be deadly*, CNN, Oct. 1, 2018, https://www.cnn.com/2018/09/29/health/scooter-injuries/index.html; Ryan Felton, *E- Scooter Ride-Share Industry Leaves Injuries and Angered Cities in its Path*, CONSUMER REPORTS, Feb. 5, 2019, https://www.consumerreports.org/product-safety/e-scooter-ride-share-industry-leaves-injuries-and-angered-cities-in-its-path/; Andrew J. Hawkins, *Electric scooter use results in 20 injuries per 100,000 trips, CDC find*, THE VERGE, May 2, 2019, https://www.theverge.com/2019/5/2/18526813/scooter-electric-injury-austin-cdc-study-head-helmet.

14.     Plaintiff's injuries were directly and proximately caused by Defendants' collective failure to warn of dangers in the product, Defendants' failure to inspect, maintain, and repair the electric scooter, as well as defects in the design and/or manufacture of the scooter.

15.     The defects include, without limitation: the sticking of the accelerator on the scooter; the sudden, unexpected, and rapid acceleration of the scooter; an unstable center of gravity; the fact that the scooter was deceivingly powerful; the small wheels, which made it unstable; and the dangerous operation of the brakes, which may have caused the scooter to throw Plaintiff forward and onto a pavement/fence when she attempted to stop the scooter.

16.     Plaintiff was a user in the class of persons that each Defendant should reasonably foresee as being subject to the harm caused by the defective conditions of the scooter.

## COUNT ONE – NEGLIGENCE
### (Defendants Ninebot and Segway)

17.     Plaintiff hereby incorporates all preceding allegations in this Complaint as if expressly set forth herein.

18.     At all relevant times, Defendants Ninebot and Segway were engaged in the business of designing, manufacturing, assembling, marketing, and/or selling (directly or through distributors) devices such as the electric scooter which are intended to be used as modes of transportation for consumers like Plaintiff.

19.     Defendants Ninebot and Segway were specifically responsible for the design, manufacture, and assembly of the electric scooter.

20.     Defendants Ninebot and Segway were responsible for putting the electric scooter into the stream of commerce where it eventually reached members of the consuming public, specifically Ms. Turner, so they could ride electric scooters through the streets of Atlanta.

21.     As the designer, manufacturer, marketer, and seller of the electric scooter,

5

Defendants Ninebot and Segway owed a duty of care to Ms. Turner and the consuming public in general to design safe equipment free from defects.

22.     Defendants Ninebot and Segway also had a duty to adequately warn owners and users of the electric scooter, as well as the consuming public, about dangers of which they were or should have been aware of on the electric scooter.

23.     Defendants Ninebot and Segway specifically marketed this product as both durable and safe for its intended uses. The electric scooter was intended to be used by consumers like Plaintiff under a variety of weather and other road conditions without suffering a catastrophic failure.

24.     Defendants Ninebot and Segway were negligent and were the factual cause of the injuries, harm, damages, and losses of Plaintiff in that these Defendants:

      a) Failed to design, fabricate, manufacture, assemble, market, and/or sell a safe and non-defective electric scooter;

      b) Failed to adequately and carefully test the electric scooter;

      c) Failed to select the proper component parts for the electric scooter;

      d) Failed to carefully select and employ appropriate materials, suitable to safely transport a member of the consuming public;

      e) Failed to employ proper design and manufacture techniques in order to ensure a safe final product;

      f) Failed to carefully test and/or inspect this particular electric scooter before it was sold, leased, and/or delivered to Uber/Social Bicycles;

      g)  Failed to provide a product that was safe and durable for its intended use;

      h) Negligently represented and marketed the electric scooter as being safe and durable for its intended use, and as being of appropriate quality for its use in the streets of Atlanta under a variety of conditions; and,

      i)  Failed to warn users and consumers of the defects in said electric scooter.

25. The tortious conduct of Defendants Ninebot and Segway was not only negligent, but it exhibited a willful, reckless, and/or wanton disregard for life and property because Defendants knew that there was a considerable risk of severe injury and/or death in the event that its electric scooter failed in the manner in which it did here. Defendants were required to take special care and precautions that the electric scooter was safe for its intended uses, where special, unusual, and/or dangerous conditions could exist.

26. Defendants Ninebot and Segway had an affirmative duty to warn its customers and the consuming public who it could reasonably foresee would use its product about potential failures in the electric scooter that could - and would likely - result in serious injury or death. Defendants failed to do any of these things and breached their duties to Ms. Turner and its other customers in these and other respects.

27. For this and other reasons, these Defendants are liable to Ms. Turner for all damages allowable by Georgia law, including punitive damages.

## COUNT TWO – STRICT LIABILITY
### (Defendants Ninebot and Segway)

28. Plaintiff hereby incorporates all preceding allegations in this Complaint as if expressly set forth herein.

29. Defendants Ninebot and Segway were engaged in the business of designing, manufacturing, assembling, marketing, and/or selling (directly or through distributors) devices such as the electric scooter which are intended to be used as modes of transportation for consumers like Plaintiff.

30. The defective condition of the electric scooter rendered such product unreasonably dangerous. This product was in this defective condition at the time it left the hands of Defendants, and such product was a producing cause of Plaintiff's injuries and damages.

31.     This electric scooter, without substantial change in the condition in which it was sold, was a proximate and/or producing cause of Plaintiff's injuries and damages.

32.     Plaintiff was unaware of the hazards and defects in Defendant Ninebot's and Segway's electric scooter that made it unsafe for its intended purpose.

33.     The electric scooter was being used in a manner that was intended by Defendants Ninebot and Segway and/or, in the alternative, used in a foreseeable manner.

34.     The conduct of Defendants Ninebot and Segway as described above was committed with a conscious disregard for the safety of Plaintiff and others, and Plaintiff is entitled to seek and obtain punitive damages against Defendants Ninebot and Segway by reason of such conduct.

35.     For this and other reasons, these Defendants are liable to Ms. Turner under a theory of strict liability for all damages allowable by Georgia law, including punitive damages.

## COUNT THREE –NEGLIGENCE
### (Defendants Uber and Social Bicycles)

36.     Plaintiff hereby incorporates all preceding allegations in this Complaint as if expressly set forth herein.

37.     Defendants Uber and Social Bicycles supplied the scooter in an unreasonably dangerous condition.   The dangers posed by the scooter were a non-obvious danger to inexperienced riders such as Ms. Turner.

38.     These Defendants knew or had reason to know that the electric scooter was likely to be dangerous to an end product consumer when used in the reasonably expected manner that Ms. Turner utilized.

39.     Such dangers were, in part, the result of Defendants Uber's and Social Bicycles' negligent failure to test, inspect, maintain, and repair the electric scooter, as well as their negligent failure to warn about dangers associated with the electric scooter.

40.     The conduct of Defendants Uber and Social Bicycles as described above was committed with a conscious disregard for the safety of Plaintiff and others, and Plaintiff is entitled to seek and obtain punitive damages against these Defendants by reason of such conduct.

41.     For this and other reasons, these Defendants are liable to Ms. Turner for all damages allowable by Georgia law, including punitive damages.

## COUNT FOUR – GROSS NEGLIGENCE
### (All Defendants)

42.     Plaintiff hereby incorporates all preceding allegations in this Complaint as if expressly set forth herein.

43.     The negligent acts and omissions of all Defendants as described above constituted an absence of even the slightest degree of diligence, or lack of any care, or care for the safety of Plaintiff and the consuming public. Defendants' acts and omissions constituted an extreme departure from what a reasonably careful person would have dome in the same situation to prevent harm to Ms. Turner and/or the general public. All Defendants acted with a reckless disregard for the safety of Plaintiff and the consuming public.

44.     For this and other reasons, these Defendants are liable to Ms. Turner for all damages allowable by the law, including punitive damages.

## COUNT FIVE – PUNITIVE DAMAGES
### (All Defendants)

45.     Plaintiff hereby incorporates all preceding allegations in this Complaint as if expressly set forth herein.

46.     Defendants, through their conduct in designing, manufacturing, selling, warning about, and/or leasing the electric scooter demonstrated gross neglect and an entire want of care evidencing a reckless indifference and conscious disregard to the consequences of its actions,

which included an extreme degree of risk. Plaintiff is entitled to an award of punitive damages to deter Defendants from such conduct in the future.

47.     Despite Defendants' knowledge of the dangerous defects in electric scooters, Defendants did nothing to remedy or mitigate the problem so that innocent victims like Ms. Turner would not be injured, maimed, or killed.

48.     As a result of Defendants' callous, wanton, reckless, and conscious indifference to the safety and well-being of the consumer public and users of the electric scooters, numerous victims have been injured in similar incidents over time, and people continue to be injured.

49.     There is clear and convincing evidence that Defendants acted with such willful, wanton, conscious, and reckless indifference, which demonstrated an entire wanton of care for the safety and well-being of victims like those involved in the Incident and others so as to evidence a conscious indifference to the consequences of its acts, which included an extreme degree of risk. These actions demand and warrant an award of punitive damages against Defendants that will punish them for the harm they have caused and that will deter it from similar future misconduct.

<u>**COUNT SIX – ATTORNEY'S FEES AND EXPENSES OF LITIGATION**</u>
**(All Defendants)**

50.     Defendants have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as defined by O.C.G.A. § 13-6-11. Defendants have acted in bad faith and have forced Plaintiff to file this lawsuit in order to receive compensation for her injuries.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff prays for a judgment to be awarded to her and against Defendants for the following:

a) All legally compensable damages in excess of $75,000.00 that were inflicted by

Defendants, which she suffered in the past and she will continue to suffer in the future, including, but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, lost wages, lost earning capacity, pecuniary loss, loss of companionship and society, medical expenses, property damage, and any additional damages, including attorneys' fees;

b)  Punitive damages in an amount sufficient to punish them for the harm caused by their dangerous acts and omissions and to deter it from similar future misconduct;

c)  Pre-judgment and post-judgment interest as allowed by applicable law;

d)  Costs of this suit; and,

e)  For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by 12 jurors on all issues so triable.

Submitted this 27th day of November, 2019.

**TURNBULL, CAIN & HOLCOMB, LLC**

*/s/ M. Alan Holcomb*
M. Alan Holcomb
Georgia Bar No. 879771
D. Brett Turnbull
Georgia Bar No. 421898
*Attorneys for Plaintiff*

3379 Peachtree Road, NE
Suite 740
Atlanta, GA 30326
Tel: 404-793-2566
Email: aholcomb@turnbullfirm.com
        bturnbull@turnbullfirm.com

**THE MANCE LAW FIRM, LLC**

*/s/Chadrick A. Mance*
Chadrick A. Mance
Georgia Bar No. 703877
*Attorney for Plaintiff*

24 Commerce Place, Suite C
Savannah, GA 31406
Tel: 912-574-4529
Email: mancelawgroup@gmail.com

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
~~Transaction ID: 64470889~~
Case Number: 19EV006505
Date: Nov 27 2019 12:00PM
LeNora Ponzo, Chief Clerk
~~Civil~~ Division

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: _19EV006505_

Zella Turner
_____

811 McGill Park Avenue
_____

Atlanta, GA 30312
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Ninebot Inc. c/o Business Filings Incorporated
(USE 9325335)
_____

108 West 13th Street
_____

Wilmington, Delaware 19081
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [×] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [×] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _M. Alan Holcomb - Turnbull, Cain & Holcomb, LLC_

Address: _3379 Peachtree Road, NE, Suite 740_

City, State, Zip Code _Atlanta, GA 30326_          Phone No.: _404-793-2566_

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

Served, this _____ day of _____, 20_____.          _____
                                                                      DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 64470889
Case Number: 19EV006505
Date: Nov 27 2019 12:00PM
LeNora Ponzo, Chief Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: __19EV006505__

Zella Turner

811 McGill Park Avenue, NE

Atlanta, GA 30312

Plaintiff's Name, Address, City, State, Zip Code

vs.

Segway, Inc
c/o CT Corporation

2 1/2 Beacon Street

Concord, NH 03301-4447

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [×] TORT | |
| [×] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [×] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: __M. Alan Holcomb - Turnbull, Cain & Holcomb, LLC__

Address: __3379 Peachtree Road, NE, Suite 740__

City, State, Zip Code __Atlanta, GA 30326__          Phone No.: __404-793-2566__

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.          _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 64470889
Case Number: 19EV006505
Date: Nov 27 2019 12:00PM
LeNora Ponzo, Chief Clerk
Civil Division

## STATE COURT OF FULTON COUNTY
### Civil Division

**CIVIL ACTION FILE #:** 19EV006505

Zella Turner

811 McGill Park Avenue, NE

Atlanta, GA 30312

Plaintiff's Name, Address, City, State, Zip Code

vs.

Social Bicycles, LLC d/b/a Jump Bikes
c/o CT Corporation

289 South Culver Street

Lawrenceville, GA 30046

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

 You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: M. Alan Holcomb - Turnbull, Cain & Holcomb, LLC

Address: 3379 Peachtree Road, NE, Suite 740

City, State, Zip Code: Atlanta, GA 30326          Phone No.: 404-793-2566

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

 Served, this _____ day of _____, 20_____.          _____
                                                                                                                    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

State Court of Fulton County
***EFILED***
File & ServeXpress
~~Transaction ID:~~ 64470889
Case Number: 19EV006505
Date: Nov 27 2019 12:00PM
LeNora Ponzo, Chief Clerk
~~Civil Division~~

## STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE #: ___19EV006505___

Zella Turner

811 McGill Park Avenue, NE

Atlanta, GA 30812

Plaintiff's Name, Address, City, State, Zip Code

vs.

Uber Technologies, Inc.
c/o Gregory Scott Smith

7550 Hunters Woods Drive

Dunwoody, GA 30350

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [×] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: __M. Alan Holcomb - Turnbull, Cain & Holcomb, LLC__

Address: __3379 Peachtree Road, NE, Suite 740__

City, State, Zip Code: __Atlanta, GA 30326__          Phone No.: __404-793-2566__

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

LeNora Ponzo, Chief Clerk (electronic signature)

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.      _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
***EFILED***
**File & ServeXpress**
Transaction ID: 64485288
Case Number: 19EV006505
Date: Dec 04 2019 10:05AM
Barbara Ponzo, Chief Clerk
Civil Division

## STATE COURT OF FULTON COUNTY, GEORGIA

ZELLA TURNER,

        Plaintiff(s),

vs.

NINEBOT INC., ET AL,

        Defendant(s).

Case No.: **19EV006505**

**AFFIDAVIT OF SERVICE**



Received by **DM PROFESSIONAL SERVICES** on **12/03/2019** at **7:38 AM** to be served upon:

**NINEBOT INC.**

STATE OF DELAWARE
COUNTIES OF NEW CASTLE, KENT AND SUSSEX    ss.

I, ADAM GOLDEN, depose and say that:

On **12/03/2019** at **1:20 PM**, I **SERVED** the within **SUMMONS & COMPLAINT** on **NINEBOT INC.** at **C/O BUSINESS FILINGS INCORPORATED 108 WEST 13TH STREET** , Wilmington, DE 19801 in the following manner:

**CORPORATE SERVICE:** By delivering to and leaving same with **SEAN O'HARA , AUTHORIZED TO ACCEPT SERVICE** So served and authorized to accept service.

Description of person process was left with:

Sex: **Male** - Skin: **Caucasian** - Hair: **Brown** - Approx. Age: **25** - Height: **5'7''** - Weight: **165**

I declare under penalty of perjury that the information contained herein is true and correct and that this affidavit was executed on this _____4_____ day of _____Dec_____, 20_19_.

Signed and sworn to before me on
this ___ day of _December_, 20_19_.

_Thomas M. Marshall_
Notary Public

X _____
**ADAM GOLDEN**
Special Process Server
DM PROFESSIONAL SERVICES
501 SILVERSIDE RD
WILMINGTON, DE 19809
302-792-0558

Law Firm: TURNBULL, CAIN & HOLCOMB, LLC
Atty File#: - Our File#: 322423



*322423*

**AFFIDAVIT OF SERVICE**

State Court of Fulton County
***EFILED***
File & ServeXpress
Transaction ID: 64535322
Case Number: 19EV006505
Date: Dec 17 2019 02:10PM
LeNora Ponzo, Chief Clerk
Civil Division

| Case: 19EV006505 | Court: State Court of Fulton County, State of Georgia Civil Division | County: | Job: 4053428 |
|---|---|---|---|
| **Plaintiff / Petitioner:** Zella Turner | | **Defendant / Respondent:** Segway, Inc c/o CT Corporation | |
| **Received by:** The Nason Group, LLC | | **For:** Turnbull, Cain & Holcomb, LLC | |
| **To be served upon:** Segway, Inc c/o CT Corporation | | | |

I, Kristin Nason, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| | |
|---|---|
| **Recipient Name / Address:** | Laurie Willmott; Segway, Inc c/o CT Corporation, 2 1/2 Beacon St, Concord, NH 03301 |
| **Manner of Service:** | Authorized, Dec 9, 2019, 12:07 pm EST |
| **Documents:** | Summons; Complaint for Damages |

**Additional Comments:**
1) Successful Attempt: Dec 9, 2019, 12:07 pm EST at Company: 2 1/2 Beacon St, Concord, NH 03301 received by Laurie Willmott; Segway, Inc c/o CT Corporation. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'6"; Hair: White; Served in hand to recipient

Kristin Nason          12/12/19

**Date**

The Nason Group, LLC
75 S Main Street 7-302
Concord, NH 03301
6037481660

Subscribed and sworn to before me by the affiant who is personally known to me.

**Notary Public**
12/12/19

**Date**          **Commission Expires**

THOMAS VAUGHAN, Justice of the Peace
State of New Hampshire
My Commission Expires March 7, 2023

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
**File & ServeXpress**
Transaction ID: 64507884
Case Number: 19EV006505
Date: Dec 10 2019 06:50AM
LeNora Ponzo, Chief Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

**ZELLA TURNER**

      Plaintiff(s),

vs.

**NINEBOT INC, ETAL.,**

      Defendant(s).

_____/

**Case No.: 19EV006505**

**AFFIDAVIT OF SERVICE**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Donnie C. Briley, who, first being duly sworn, on oath deposes and states that he/she is a citizen of the United States and is 18 years of age or older and is a party having no interest in the above-styled case. Affiant further states that on **December 05, 2019** at **3:05 PM**, I served **Social Bicycles LLC dba Jump Bikes c/o CT Corporation System Registered Agent** by personally serving **JANE RICHARDSON, Process Specialist**, located at **289 S CULVER STREET , LAWRENCEVILLE, GA 30046** with the following: Summons and Complaint for Damages.

Description of person process was left with:

Sex: **Female** - Skin: **Caucasian** - Hair: **Dyed Other Color** - Age: **55-65** - Height: **5ft8in** - Weight: **180**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 12/9/19 _____

Signed and sworn to before me on
this ____ day of _____, 20___
by an affiant who is personally known to me
or produced identification.

_____
Notary Public

**Turnbull Cain & Holcomb LLC**

**Donnie C. Briley**
MLQ an ABC Legal Company
2000 Riveredge Parkway, Suite 885
Atlanta, GA 30328
770-984-7007/800-446-8794

**\*680794\***

State Court of Fulton County
**E-FILED**
19EV006505
1/2/2020 10:32 AM
LeNora Ponzo, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **ZELLA TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CASE NO.: 19EV006505** |
| **NINEBOT INC., SEGWAY INC.,** | ) | |
| **SOCIAL BICYCLES, LLC d/b/a** | ) | |
| **JUMP BIKES, UBER TECHNOLOGIES,** | ) | |
| **INC.,** | ) | |
| **JOHN DOES 1 through 5, and JOHN** | ) | |
| **DOE CORPORATIONS 1 through 5,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SOCIAL BICYCLES, LLC

COMES NOW Defendant Social Bicycles, LLC ("the Answering Defendant") and files the following Answer and Affirmative Defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's Complaint must be dismissed because it is barred by a binding arbitration agreement between Plaintiff and the Answering Defendant.

## SECOND DEFENSE

Plaintiff's Complaint must be dismissed because it is barred by waiver.

## THIRD DEFENSE

Plaintiff's Complaint must be dismissed because it is barred by release.

1

## FOURTH DEFENSE

Plaintiff's Complaint must be dismissed because Plaintiff's claims are barred by the terms of the Rental Agreement between Plaintiff and the Answering Defendant.

## FIFTH DEFENSE

Plaintiff's Complaint must be dismissed because Plaintiff has waived, released, and forever discharged the Answering Defendant from any and all claims, liabilities of every kind, demands, damages (including without limitation, direct, indirect, incidental, consequential, and punitive), losses, and causes of action (whether known, unknown, asserted, unasserted, fixed, conditional, or contingent) of any kind or nature by the terms of Section 6(d) of the Rental Agreement between Plaintiff and the Answering Defendant.

## SIXTH DEFENSE

Plaintiff's Complaint must be dismissed for failure to state claims upon which relief may be granted.

## SEVENTH DEFENSE

The Answering Defendant objects to any jurisdiction and venue outside of arbitration pursuant to the terms of the Rental Agreement between Plaintiff and the Answering Defendant.

## EIGHTH DEFENSE

No act or omission on the part of the Answering Defendant caused or contributed in any way to the alleged injuries or damages complained of in Plaintiff's Complaint.

## NINTH DEFENSE

Plaintiff failed to mitigate the damages alleged.

**TENTH DEFENSE**

Negligence and/or intentional conduct by other parties and/or non-parties intervened between any alleged negligence on the part of the Answering Defendant (said negligence being specifically denied) and the alleged injuries suffered by Plaintiff, effectively severing any causal connection with the alleged acts or omissions of the Answering Defendant.

**ELEVENTH DEFENSE**

Negligence by Plaintiff equaled or exceeded any negligence on the part of the Answering Defendant (said negligence being specifically denied), and therefore, Plaintiff is not entitled to recover from the Answering Defendant.

**TWELFTH DEFENSE**

As to any injuries or damages alleged to have been incurred, Plaintiff voluntarily and knowingly assumed the risk of incurring the same under Section 6 of the Rental Agreement between Plaintiff and the Answering Defendant, and is therefore, not entitled to recover from the Answering Defendant.

**THIRTEENTH DEFENSE**

The injuries and damages complained of by Plaintiff were the results of acts or omissions by a third party or third parties for whom the Answering Defendant is not responsible, and therefore, Plaintiff is not entitled to recover from the Answering Defendant.

**FOURTEENTH DEFENSE**

Pursuant to O.C.G.A. § 51-12-33, the Answering Defendant may seek to attribute fault to other parties and non-parties and to have the jury allocate fault for purposes of apportioning damages, if any, among parties, former parties, and non-parties.

## FIFTEENTH DEFENSE

The Answering Defendant is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiff with any other person or entity for any damages alleged in this case.

## SIXTEENTH DEFENSE

The Answering Defendant pleads that, to the extent it is liable to Plaintiff (said liability being specifically denied), the Answering Defendant is entitled to indemnification and/or contribution from other parties.

## SEVENTEENTH DEFENSE

The Answering Defendant hereby adopts and incorporates by reference all defenses asserted by other parties to this action as if fully set forth herein. The Answering Defendant further reserves the right to assert such other defenses as may become apparent during the course of discovery.

## ANSWER

In response to the specific allegations contained in Plaintiff's Complaint, the Answering Defendant answers as follows:

## 1.

**The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and can neither admit nor deny the same.**

**2.**

The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and can neither admit nor deny the same.

**3.**

The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 and can neither admit nor deny the same.

**4.**

It is admitted that the Answering Defendant is a for-profit, limited liability company doing business in Georgia, with its principal place of business in New York.  It is further admitted that the Answering Defendant may be served with process at CT Corporation System, located at 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.  The Answering Defendant states that the only proper venue for this action is arbitration, per the express terms of the Rental Agreement between Plaintiff and the Answering Defendant.   All other allegations in Paragraph 4 not specifically admitted herein are denied.

**5.**

The allegations of Paragraph 5 are denied.

**6.**

The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 and can neither admit nor deny the same.

**7.**

The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 and can neither admit nor deny the same.

**8.**

The allegations of Paragraph 8 are denied.

**9.**

The Answering Defendant admits it deploys electric scooters in certain cities for rental through a mobile application.  All other allegations in Paragraph 9 not specifically admitted herein are denied.

**10.**

The Answering Defendant admits it owns scooters manufactured by Ninebot.  All other allegations in Paragraph 10 not specifically admitted herein are denied.

**11.**

The Answering Defendant admits that it owned the electric scooter Plaintiff rode. All other allegations in Paragraph 11 not specifically admitted herein are denied.

**12.**

The allegations of Paragraph 12 are denied.

**13.**

The allegations of Paragraph 13 are denied.

**14.**

The allegations of Paragraph 14 are denied.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied.

17.

The Answering Defendant reasserts and incorporates its answers and defenses to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

18.

The allegations of Paragraph 18 do not appear to be directed at the Answering Defendant.  To the extent the allegations of Paragraph 18 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and can neither admit nor deny the same.

19.

The allegations of Paragraph 19 do not appear to be directed at the Answering Defendant.  To the extent the allegations of Paragraph 19 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and can neither admit nor deny the same.

20.

The allegations of Paragraph 20 do not appear to be directed at the Answering Defendant.  To the extent the allegations of Paragraph 20 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and can neither admit nor deny the same.

### 21.

The allegations of Paragraph 21 do not appear to be directed at the Answering Defendant. Further, the allegations of Paragraph 21 call for a legal conclusion. To the extent the allegations of Paragraph 21 require a response from the Answering Defendant, the allegations of Paragraph 21 are denied.

### 22.

The allegations of Paragraph 22 do not appear to be directed at the Answering Defendant. Further, the allegations of Paragraph 22 call for a legal conclusion. To the extent the allegations of Paragraph 22 require a response from the Answering Defendant, the allegations of Paragraph 22 are denied.

### 23.

The allegations of Paragraph 23 do not appear to be directed at the Answering Defendant. To the extent the allegations of Paragraph 23 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and can neither admit nor deny the same.

### 24.

The allegations of Paragraph 24 do not appear to be directed at the Answering Defendant. To the extent the allegations of Paragraph 24 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 and can neither admit nor deny the same.

### 25.

The allegations of Paragraph 25 do not appear to be directed at the Answering Defendant.  Further, the allegations of Paragraph 25 call for a legal conclusion.   To the extent the allegations of Paragraph 25 require a response from the Answering Defendant, the allegations of Paragraph 25 are denied.

### 26.

The allegations of Paragraph 26 do not appear to be directed at the Answering Defendant.  Further, the allegations of Paragraph 26 call for a legal conclusion.   To the extent the allegations of Paragraph 26 require a response from the Answering Defendant, the allegations of Paragraph 26 are denied.

### 27.

The allegations of Paragraph 27 do not appear to be directed at the Answering Defendant.  To the extent the allegations of Paragraph 27 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 and can neither admit nor deny the same.

### 28.

The Answering Defendant reasserts and incorporates its answers and defenses to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

**29.**

The allegations of Paragraph 29 do not appear to be directed at the Answering Defendant.  To the extent the allegations of Paragraph 29 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 and can neither admit nor deny the same.

**30.**

The allegations of Paragraph 30 do not appear to be directed at the Answering Defendant.  Further, the allegations of Paragraph 30 call for a legal conclusion.   To the extent the allegations of Paragraph 30 require a response from the Answering Defendant, the allegations of Paragraph 30 are denied.

**31.**

The allegations of Paragraph 31 do not appear to be directed at the Answering Defendant.  To the extent the allegations of Paragraph 31 require a response from the Answering Defendant, the allegations of Paragraph 31 are denied.

**32.**

The allegations of Paragraph 32 do not appear to be directed at the Answering Defendant.  To the extent the allegations of Paragraph 32 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 and can neither admit nor deny the same.

**33.**

The allegations of Paragraph 33 do not appear to be directed at the Answering Defendant.  To the extent the allegations of Paragraph 33 require a response from the Answering Defendant, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 and can neither admit nor deny the same.

**34.**

The allegations of Paragraph 34 do not appear to be directed at the Answering Defendant.  Further, the allegations of Paragraph 34 call for a legal conclusion.   To the extent the allegations of Paragraph 34 require a response from the Answering Defendant, the allegations of Paragraph 34 are denied.

**35.**

The allegations of Paragraph 35 do not appear to be directed at the Answering Defendant.  Further, the allegations of Paragraph 35 call for a legal conclusion.   To the extent the allegations of Paragraph 35 require a response from the Answering Defendant, the allegations of Paragraph 35 are denied.

**36.**

The Answering Defendant reasserts and incorporates its answers and defenses to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

**37.**

The allegations of Paragraph 37 are denied.

**38.**

The allegations of Paragraph 38 are denied.

**39.**

The allegations of Paragraph 39 are denied.

**40.**

The allegations of Paragraph 40 are denied.

**41.**

The allegations of Paragraph 41 are denied.

**42.**

The Answering Defendant reasserts and incorporates its answers and defenses to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

**43.**

The allegations of Paragraph 43 are denied.

**44.**

The allegations of Paragraph 44 are denied.

**45.**

The Answering Defendant reasserts and incorporates its answers and defenses to the preceding paragraphs of Plaintiff's Complaint as if fully restated herein.

**46.**

The allegations of Paragraph 46 are denied.

**47.**

The allegations of Paragraph 47 are denied.

**48.**

**The allegations of Paragraph 48 are denied.**

**49.**

**The allegations of Paragraph 49 are denied.**

**50.**

**The allegations of Paragraph 50 are denied.**

**The allegations contained in the unnumbered "WHEREFORE" paragraph and its subparts a-e are denied.**

Except as expressly and specifically admitted herein, the Answering Defendant denies the allegations set forth in Plaintiff's Complaint.

WHEREFORE, having answered fully, the Answering Defendant prays this Court:

1. Dismiss Plaintiff's Complaint as to the Answering Defendant with prejudice;

2. Award the Answering Defendant all costs in this action, including its attorneys' fees and litigation costs; and

3. Grant the Answering Defendant any and all such other relief as this Court deems proper.

Respectfully submitted this 2nd day of January, 2020.

/s/ *Caroline M. Gieser*

_____
Colin K. Kelly
GA Bar #781072
ckelly@shb.com
Caroline M. Gieser
GA Bar #167916
cgieser@shb.com
**SHOOK, HARDY & BACON LLP**
1230 Peachtree St., Suite 1200

13

Atlanta, GA 30309
Tel: (470) 867-6000
Fax: (470) 867-6001

*Attorneys for Social Bicycles, LLC*

14

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ZELLA TURNER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | )    **CASE NO.: 19EV006505** |
| NINEBOT INC., SEGWAY INC., | ) |
| SOCIAL BICYCLES, LLC d/b/a | ) |
| JUMP BIKES, UBER TECHNOLOGIES, | ) |
| INC., | ) |
| JOHN DOES 1 through 5, and JOHN | ) |
| DOE CORPORATIONS 1 through 5, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties of record with the foregoing Answer and Affirmative Defenses of Defendant Social Bicycles, LLC via electronically filing the same with the Clerk of Court through Odyssey e-FileGA, which will automatically send an e-mail notification of such filing to the following attorneys, court, and/or parties of record as follows, and by U.S. Mail:

| | |
|---|---|
| M Alan Holcomb, Esq. | Michael R. Boorman |
| D. Brett Turnbull | Timothy M. Andrews |
| aholcomb@turnbullfirm.com | mboorman@huffpowellbailey.com |
| bturnbull@turnbullfirm.com | tandrews@huffpowellbailey.com |
| | |
| **TURNBULL, CAIN & HOLCOMB, LLC** | **HUFF POWELL BAILEY** |
| 3379 Peachtree Road, NE | 999 Peachtree St. NE, Suite 950 |
| Suite 740 | Atlanta, Georgia 30309 |
| Atlanta, Georgia 30326 | 404-524-1600 (telephone) |
| 404-793-2566 (telephone) | *Counsel for Defendants Ninebot Inc. and* |
| *Counsel for Plaintiff* | *Segway, Inc.* |
| | |
| Chadrick A. Mance, Esq. | |
| mancelawgroup@gmail.com | |

15

**THE MANCE LAW FIRM, LLC**
24 Commerce Place, Suite C
Savannah, Georgia 31406
912-574-4529 (telephone)

    This 2nd day of January, 2020.

/s/ *Caroline M. Gieser*

_____

Colin K. Kelly
GA Bar #781072
ckelly@shb.com
Caroline M. Gieser
GA Bar #167916
cgieser@shb.com
**SHOOK, HARDY & BACON LLP**
1230 Peachtree St., Suite 1200
Atlanta, GA 30309
Tel: (470) 867-6000
Fax: (470) 867-6001

*Attorneys for Social Bicycles, LLC*